IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>vs.<br><br>AARON T. LUNEKE,<br><br>                  Defendant. | 8:24CR124<br><br><br>**ORDER** |

      This matter is before the court on the request of the defendant to extend the pretrial motions deadline made during the telephone status conference on March 14, 2025. The motion is unopposed by the government. Parties discussed case progression, including outstanding *subpoena duces tecum* to Bank of the Valley, which remains pending. Defendant explained good faith efforts made to secure response from the bank but still believes responses are inadequate. Defendant will be filing a motion to compel today so that the matter can be heard by the court. For good cause shown, the Court finds the motion to extend pretrial motion deadline should be granted. Defendant waives speedy trial for additional period of time. Accordingly,

      IT IS ORDERED:

1)      Defendant's Unopposed Oral Motion to Extend Pretrial Motion Deadline is granted.

2)      Pretrial motions shall be filed by April 14, 2025.

3)      In accordance with 18 U.S.C. § 3161(h)(7)(A), the Court finds that the ends of justice will be served by granting this motion and outweigh the interests of the public and the defendant in a speedy trial. Any additional time arising as a result of the granting of this motion, that is, the time between today's date and April 14, 2025, shall be deemed excludable time in any computation of time under the requirement of the Speedy Trial Act. Failure to grant this motion would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and the novelty and complexity of the case. The failure to grant this motion might result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(A) & (B). Failing to timely object to this order as provided under this court's local rules will be deemed a waiver of any right to later claim the time should not have been excluded under the Speedy Trial Act.

      Dated this 14th day of March, 2025.

                                                                   BY THE COURT:

                                                                   s/ Ryan C. Carson
                                                                   United States Magistrate Judge