IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **8:24CR124** |
| vs. | |
| AARON T. LUNEKE, | ORDER ON SENTENCING SCHEDULE |
| Defendant. | |

Pursuant to the Local Rules of Practice (see NECrimR. 32.1(b)), and the sentencing practices of this court more generally, and to set a schedule and a procedure for sentencing before the sentencing judge,

IT IS ORDERED that the following deadlines and procedures are set in this case:

1.    **March 13, 2026**:  Counsel's respective versions of the offense(s) to the probation office;

2.    **April 3, 2026**:    Financial information, restitution proposal and any chemical dependency/mental health evaluation to the probation office by counsel;

3.    **April 17, 2026**:  Initial presentence report to counsel by the probation office.  Defense counsel will insure that (a) the defendant has had an opportunity to read the initial PSR, or, if the defendant is not fluent in English, that an interpreter has read it to the defendant, and (b) the defendant has had an opportunity to voice any objections to defense counsel, before defense counsel submits objections to the initial PSR;

4.    **April 27, 2026**:  Objections by counsel to the initial presentence report;

5.    **May 7, 2026**:  Probation office's submission to the judge and counsel of initial or revised presentence report with changes, if any, responsive to counsels' objections, and, if needed, an addendum explaining the probation officer's position regarding any objections to the presentence report previously submitted by counsel;

6.    **May 14, 2026**:
          (a)  Any proposals to the probation office for community service, community confinement, intermittent confinement or home detention;

          (b)  Motions to the court:
                  (1) for departure under the guidelines (including, but not limited to, motions by the government) ; and

(2) for deviation or variance from the guidelines as allowed by the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005) or its progeny;

(c)  Counsel's filing and serving on all other parties and the probation officer a written statement of position respecting each of the unresolved objections to the presentence report, including the specific nature of each objection to the presentence report.

(d)  If evidence is to be offered in support of or in opposition to a motion under subparagraph (b) of this paragraph or in support of or in opposition to an objection under subparagraph (c) of this paragraph 6, it must be: by affidavit, letter, report or other document attached to the statement of position or by oral testimony at the sentencing hearing.   If oral testimony is desired, a request must be made in the statement of position and the statement of position must reveal (1) the nature of the expected testimony, (2) the necessity for oral testimony, instead of documentary evidence, such as affidavits, (3) the identity of each proposed witness, and (4) the length of time anticipated for presentation of the direct examination of the witness or witnesses.  If a request for oral or documentary evidence is made by one party but not by the adverse party, the adverse party within five working days thereafter may make a responsive request for oral or documentary evidence, setting out details in the same manner as required by this paragraph 6(d).

(e)  Motions for departure should be supported by a brief that explains why the departure from the guideline sentencing range is justified by normal guideline departure theory.   Motions for deviation or variance from the guidelines as allowed under Booker or its progeny should be supported by a brief that explains why a sentence other than that called for under the guidelines is justified by a principle of law that is different in kind or degree from the normal principles of law applied under a strict application of the guidelines.

(f)  It is expected that any objection first raised in a party's statement of position will be addressed at the judge's discretion, and that no consideration will be given to any sentencing factor first raised after the filing of the written statement.

7.    **June 10, 2026 at 10:30 a.m.**:  Sentencing before Judge Buescher in Omaha, Courtroom #5.

A probation officer must submit a sentencing recommendation to the sentencing judge no later than seven days before the sentencing hearing.  Pursuant to NECrimR 32.1(b)(8) and Federal Rule of Criminal Procedure 32(e)(3), the probation officer is directed not to disclose the sentencing recommendation to anyone other than the sentencing judge.

The dates in paragraphs 3 and 4 of this order may be altered by written notice to counsel and the judge by the probation office.

DATED this 6th day of March, 2026.

BY THE COURT:

Brian C. Buescher
United States District Judge